FILED
AUG 17 2006
AUG 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY NICHOLAS; <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF CHICAGO, <br> A Municipal Corporation; and <br> Chicago Police Officer <br> ERIC W. TAYLOR, Star 6191; <br><br> Defendant. | 06CV4443 <br> JUDGE ZAGEL <br> MAG. JUDGE COLE <br><br> Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5. Defendant ERIC W. TAYLOR is a duly appointed and sworn City of Chicago police officer. At all times material to this Complaint, TAYLOR was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officer is sued in his individual capacity.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the

laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

## Facts

8. On July 8, 2005, Plaintiff was at the home of his father-in-law located at 8029 South Ingleside, Chicago.

9. Plaintiff was threatened by his brother-in-law.

10. Plaintiff called 911.

11. Chicago police came, including Defendant TAYLOR.

12. Defendant TAYLOR would not listen to Plaintiff's complaint.

13. Later, after speaking to other persons present, Defendant TAYLOR told Plaintiff that the police were not going to do anything.

14. After that, Defendant TAYLOR pushed and struck Plaintiff, and then punched him in the ribs.

15. Next, TAYLOR pushed Plaintiff onto the squad car, and then grabbed Plaintiff's wrist and snapped it back.

16. Defendant TAYLOR put Plaintiff in handcuffs.

17. Plaintiff was under arrest and not free to leave.

18. Defendant TAYLOR eventually let Plaintiff out of the handcuffs.

19. That evening, Plaintiff went to Jackson Park Hospital for treatment for the injuries he received.

20. Defendant TAYLOR acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

21. As a direct and proximate result of the acts of the Defendant described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty,

emotional distress, pain and suffering, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendant TAYLOR placed Plaintiff in handcuffs and he was under arrest.

24. Plaintiff had not violated any city, state or federal law.

25. Defendant-Officer did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.

26. Defendant-Officer did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

27. The actions of Defendant TAYLOR in arresting Plaintiff without any legal justification or probable cause violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

28. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

29. During the course of the seizure of Plaintiff, Defendant TAYLOR pushed and struck Plaintiff, and then punched him in the ribs. Next, Defendant TAYLOR pushed Plaintiff

onto the squad car, and then grabbed Plaintiff's wrist and snapped it back.

30. The force used by Defendant TAYLOR was excessive.

31. Defendant TAYLOR's actions violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the City of Chicago)

32. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

33. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

    a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    b. arbitrary use of excessive force against arrestees, detainees and other civilians;

    c. mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

    d. preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

    e. not preparing police reports, and false denial that an incident of

>    misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures,
>
> f. a *code of silence* in which police officers fail to report police misconduct including the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - e above;
>
> g. said *code of silence* also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;
>
> h. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - e above;
>
> i. failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a - e above;
>
> j. failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - e above;
>
> k. failure to adequately discipline police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - e above;
>
> l. through the Office of Professional Standards (OPS), conducting inherently deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;
>
> m. failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a - e above, by its lack of discipline for police misconduct, and defective OPS investigations.

34. The actions of Defendant-Officer TAYLOR as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

35. One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of

Chicago has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the City of Chicago has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

36. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

37. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

38. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the City of Chicago;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

40. The acts of Defendant TAYLOR described in the above claims were willful and

wanton, and committed in the scope of their employment.

41.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of Defendant TAYLOR.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify Defendant-Officer TAYLOR for any judgment entered in this case arising from his actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

*[signature]*

Lawrence V. Jackowiak
*Attorney for Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
33 North LaSalle Street - Suite 2700
Chicago, Illinois 60602
(312) 795-9595